UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA WREN,

        Plaintiff,

        v.                           Case No. 21-C-348

JOHN DOE,
CHRISTOPHER BUESGEN, and
CH WILBUR,

        Defendants.

# SCREENING ORDER

Plaintiff Joshua Wren, who is currently serving a state prison sentence at Stanley Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Wren's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Wren has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee over time. *See* 28 U.S.C. §1915(b)(1). Wren has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). He was assessed an initial partial filing fee and subsequently paid the $350 statutory filing fee. Wren's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

2

Wren alleges that, in December 2020, a John Doe officer working in the mailroom confiscated fifty photographs that had been mailed to him.  After Wren received a notice of non-delivery, he was told the "the photos were nudities/they are commercial/social media."  Dkt. No. 1 at 1.  Wren asserts that he asked to inspect the confiscated photographs, but his request was denied.  Wren also asserts that his request for the name of the officer who confiscated the photographs was denied.  According to Wren, other prisoners are allowed to possess materials with nudity.  Finally, Wren asserts that his request that the institution retain the photographs for evidence in this case was denied.  Instead, the mailroom sergeant disposed of the evidence in accordance with institution policy.  Wren asserts that disposing of the photographs interfered with his access to the courts and that the warden violated his due process rights when he affirmed the complaint examiner's decision.  Dkt. No. 1.

## THE COURT'S ANALYSIS

"When a prison regulation restricts a prisoner's First Amendment right to free speech, it is valid only if it is reasonably related to legitimate penological interests." *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004) (citing *Turner v. Safely*, 482 U.S. 78, 89 (1987)).  The Court will allow Wren to proceed on a First Amendment claim against the John Doe officer who confiscated his photographs.  In his complaint, Wren asserts that he was not allowed to review the photographs, suggesting that he does not know what the photographs depicted, but in the documents he filed along with his complaint, he states that the photographs did *not* contain nudity and that his sister, who knows the rules, sent him the photographs. Dkt. No. 1-1 at 1.  Thus, it is not clear whether Wren is challenging the policy prohibiting prisoners from possessing photographs containing nudity or whether he is arguing that the policy was not appropriately applied to the photographs his sister sent him.  In either event, construing Wren's allegations broadly, which the Court must

do at this stage, additional development of the record is necessary before the Court can decide whether the confiscation of Wren's photographs violated the First Amendment.

Wren does not state claims against the remaining defendants. First, Wren asserts that complaint examiner Wilbur authorized the mailroom sergeant to dispose of the photographs pursuant to policy in violation of his due process rights. Review of the documents Wren attaches to his complaint reveals that Wren was notified multiple times before the photographs were destroyed that it was his responsibility "to notify the property sergeant with his decision for the disposition of the photos from the choices provided and within the time limits indicated on the DOC-243 form." Dkt. No. 1-1 at 5, 6, 10-11, 12, 20-21. Nothing in Wren's complaint suggests that he complied with these instructions or the policy. To the contrary, it appears that Wren disregarded the policy and instead demanded that the institution maintain the photographs indefinitely. But due process required only that Wren have a meaningful opportunity to be heard on how the photographs would be disposed of. The photographs were not destroyed because Wren was deprived of an opportunity to be heard. They were destroyed because Wren refused to comply with the policy that allowed him to decide how the institution would dispose of the photographs. As such, Wren fails to state a due process claim against Wilbur based on the destruction of his photographs. *See Stewart v. McGinnis*, 5 F.3d 1031, 1037 (7th Cir. 1993).

Wren also fails to state an equal protection claim. He asserts that other "groups of inmates similar[ly] situated" have been given "the same photos, magazines, books . . ." containing nudity. Dkt. No. 1. As explained above, a complaint must contain sufficient factual matter to allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. Wren alleges in his complaint that he was never allowed to view the photographs, and in his supporting documents he denies that the photographs contain nudity. Thus, Wren

4

provides no factual content to support his conclusory statements that other inmates were allowed to possess images that he was prohibited from possessing. If Wren was never allowed to see the photographs, then he cannot know whether other inmates were allowed to possess similar images, and if the photographs did not contain nudity, then the fact that other inmates may have been allowed to possess images containing nudity is irrelevant.

Wren also fails to state an access to the courts claim. "[T]o satisfactorily state a claim for an infringement of the right of access, prisoners must . . . allege an actual injury." *In re Maxy*, 675 F.3d 658, 660-61 (7th Cir. 2012). In that respect, a prisoner "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *Id.* at 661. As noted, the Court is allowing Wren to proceed on a First Amendment claim, thereby undermining any assertion that the destruction of the photographs interfered with or impeded his ability to bring a legal claim.

Finally, Wren fails to state a claim against Warden Chris Buesgen based on his allegations that he affirmed the decision of the complaint examiner. The Seventh Circuit has explained that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation" and "[o]nly persons who cause or participate in the violation" will be liable. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Court will dismiss Wren's claims against Buesgen.

Because Wren does not know the name of the officer who confiscated his photographs, the Court will leave Buesgen as a defendant for the limited purpose of helping Wren identify the Doe Defendant. *See Donald v. Cook Cty. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Because Wren's claims against Buesgen have been dismissed, Buesgen does not have to respond to the complaint. After Buesgen's attorney files an appearance in this case, Wren may serve discovery upon Buesgen (by mailing it to his attorney at the address in the notice of appearance) to get information that will help him identify the defendant. Wren may serve interrogatories (written

5

Case 1:21-cv-00348-WCG   Filed 08/06/21   Page 5 of 7   Document 14

questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. His requests must be limited to information or documents that will help him learn the name of Doe Defendant. Wren should not ask Buesgen about the merits of his claim, and Buesgen is under no obligation to respond to requests about the merits of Wren's claim.

After Wren learns the name of the officer, he should file a motion to substitute his name for the John Doe placeholder. Once Wren identifies the Doe Defendant, the Court will order Wren's complaint to be served on him and will dismiss Buesgen from this case. After Defendant has an opportunity to respond to Wren's complaint, the Court will set a deadline for discovery. At that point, Wren may use discovery to get the information he believes he needs to prove his claim.

Wren must identify the name of the Doe Defendant within sixty days of Buesgen's attorney filing a notice of appearance. If he does not or does not explain to the Court why he is unable to do so, the Court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

**IT IS THEREFORE ORDERED** that Wren's motion for leave to proceed *in forma pauperis* (Dkt. No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Wren's claims against Christopher Buesgen and CH Wilbur are **DISMISSED**. Buesgen will remain a defendant for the limited purpose of helping Wren identify the Doe Defendant.

**IT IS FURTHER ORDERED** that Wren must identify the Doe Defendant within 60 days of Buesgen's attorney filing an appearance in this case. If Wren does not identify the Doe Defendant by the deadline or explain to the Court why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

6

Case 1:21-cv-00348-WCG   Filed 08/06/21   Page 6 of 7   Document 14

questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. His requests must be limited to information or documents that will help him learn the name of Doe Defendant. Wren should not ask Buesgen about the merits of his claim, and Buesgen is under no obligation to respond to requests about the merits of Wren's claim.

After Wren learns the name of the officer, he should file a motion to substitute his name for the John Doe placeholder. Once Wren identifies the Doe Defendant, the Court will order Wren's complaint to be served on him and will dismiss Buesgen from this case. After Defendant has an opportunity to respond to Wren's complaint, the Court will set a deadline for discovery. At that point, Wren may use discovery to get the information he believes he needs to prove his claim.

Wren must identify the name of the Doe Defendant within sixty days of Buesgen's attorney filing a notice of appearance. If he does not or does not explain to the Court why he is unable to do so, the Court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

**IT IS THEREFORE ORDERED** that Wren's motion for leave to proceed *in forma pauperis* (Dkt. No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Wren's claims against Christopher Buesgen and CH Wilbur are **DISMISSED**. Buesgen will remain a defendant for the limited purpose of helping Wren identify the Doe Defendant.

**IT IS FURTHER ORDERED** that Wren must identify the Doe Defendant within 60 days of Buesgen's attorney filing an appearance in this case. If Wren does not identify the Doe Defendant by the deadline or explain to the Court why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

6

Case 1:21-cv-00348-WCG   Filed 08/06/21   Page 6 of 7   Document 14

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Wren is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Wren may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 6th day of August, 2021.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge

7